[Cite as *State v. White*, 2013-Ohio-4925.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99691**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VIRGIL WHITE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543548

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph J. Ricotta
Assistant Prosecuting Attorney
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Virgil White appeals the sentence he received in the common pleas court following a guilty plea. For the reasons stated herein, we affirm.

{¶2} On November 2, 2010, appellant was charged under a multi-count indictment. Ultimately, he entered a plea of guilty to attempted felonious assault, domestic violence, and disrupting public service, and other counts were nolled.

{¶3} At sentencing, the prosecutor stated that the charges arose from an incident in which appellant got into an altercation with the victim, who was his then girlfriend, that escalated to the point where appellant threw boiling hot water on the victim. The victim sustained second-degree burns to the side of her face, her neck, her right arm, and both legs. Photographs were introduced depicting her injuries. When the police responded, they had to threaten appellant with tasers in order to gain access to the victim.

{¶4} Defense counsel and appellant both maintained that the victim ran upstairs first and obtained a pot of boiling water used for the bath, that there was a struggle over the boiling water, and that both parties were contemporaneously burned. The victim moved out of the home six days after this incident. Appellant also discussed his children and his work life.

{¶5} The court heard statements from two individuals who spoke in regard to appellant's character. The victim was not present at the sentencing hearing.

{¶6} The court noted that by pleading guilty, appellant had taken full responsibility for the crimes. When the trial court asked appellant why he was pleading guilty if he

believed it was an accident, appellant did not directly answer the question. After appellant continued to blame the victim, the court indicated that "pictures are worth a thousand words * * *. The pictures showing significant injuries that you * * * have pled guilty to inflicting in this case are substantial, permanent and horrific."

{¶7} The court reviewed the presentence investigation report and appellant's criminal history, which included a juvenile record and prior felony offenses as an adult. The court pointed out that appellant had been released from prison and placed in a halfway house, but violated the terms of his release and was sent back to prison until he was given his final parole in 2005. The court indicated it had considered appellant's risk of recidivism score, the principles and purposes of Senate Bill 2, the nature of the offenses, and appellant's less-than-complete acceptance of responsibility. The trial court sentenced appellant to a total prison term of five years, with three years of postrelease control.

{¶8} Appellant was granted leave to file a delayed appeal. In his sole assignment of error, appellant claims the trial court erred by not considering appropriate mitigating factors required by R.C. 2929.12.

{¶9} Appellant argues that the trial court failed to give appropriate consideration to mitigating factors under R.C. 2929.12(C), indicating that the offender's conduct is less serious than conduct normally constituting the offense. Specifically, appellant claims the trial court did not appropriately consider whether the victim induced or facilitated the offense, whether the offender acted under extreme provocation, and whether the offender

expected to cause physical harm to any person. Appellant also argues that the trial court failed to consider factors indicating that the offender is not likely to commit future crimes as required by R.C. 2929.12(E), including that he had been living a law-abiding life since his release from prison in 2005 and that his actions occurred under circumstances unlikely to recur.

{¶10} "[W]here a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so." *State v. Taylor*, 76 Ohio App.3d 835, 839, 603 N.E.2d 401 (2d Dist.1992); *see also State v. Exline*, 8th Dist. Cuyahoga No. 87945, 2007-Ohio-272, ¶ 27. A review of the record shows that the trial court imposed a sentence that was within the statutory limits. We find that appellant has not demonstrated, nor has a review of the record disclosed, that the trial court failed to consider the sentencing criteria.

{¶11} The trial court's journal entry indicates that the court considered "all required factors of the law" and concluded that "prison is consistent with the purpose of R.C. 2929.11." Furthermore, the sentencing transcript reveals that the trial court considered the statutory criteria set forth in R.C. 2929.11 and 2929.12. The record reflects that before imposing appellant's sentence, the trial court considered the statements of appellant and defense counsel, the presentence investigation report, the principles and purposes of sentencing, as well as the seriousness of the offense and the risk of recidivism. The court also heard the mitigating factors that were presented.

**{¶12}** The presentence investigation report reflects that when the police arrived, they could hear the victim screaming for help and that appellant was not initially compliant with allowing the officers inside and was confrontational, argumentative, and hostile with the officers. Although the victim informed the police that she accidentally spilled hot water on herself and that appellant had nothing to do with her injuries, she later told the prosecutor that appellant told her to tell the police it was an accident and that she was in fear of appellant. She stated the appellant had become physical with her during an argument, that she ran upstairs, and that appellant threw boiling water on her. Although appellant argued that a struggle had occurred over the boiling water, the court reminded appellant that he had pled guilty to the offenses and noted the horrific injuries that were inflicted on the victim, as well as appellant's lack of remorse.

**{¶13}** Upon our review of the record, we find no basis to conclude that the trial court failed to consider the statutory criteria contained in R.C. 2929.12. Appellant's sole assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR