[Cite as *State v. Perkins*, 2019-Ohio-2288.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-L-084**<br>**2018-L-098** |
| SHANE PERKINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2016 CR 000846 and 2016 CR 000928.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Shane Perkins*, pro se, PID: #A700-440, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Shane Perkins, appeals from the judgment of the Lake County Court of Common Pleas denying his pro se motion for jail-time credit in two separate criminal cases. After a careful review of the record and pertinent law, we affirm the trial court's judgment.

## Substantive History and Procedural Background

{¶2} On August 16, 2016, Mr. Perkins was arrested and incarcerated in the Lake County jail after being involved in a head-on motor vehicle collision. He posted bond on August 23, 2016 and was released.

{¶3} On September 16, 2016, the Lake County Grand Jury indicted Mr. Perkins on several unrelated charges in Case No. 16-CR-000846. On October 5, 2016, Mr. Perkins was arrested for these charges and incarcerated in the Lake County jail. He posted bond on October 7, 2016 and was released.

{¶4} On January 5, 2017, the trial court revoked Mr. Perkins' bond in both cases, and he was incarcerated in the Lake County jail on January 20, 2017.

{¶5} On February 3, 2017, the Lake County Grand Jury indicted Mr. Perkins on several charges in Case No. 16-CR-000928 which related to the head-on collision.

{¶6} On March 7, 2017, Mr. Perkins pleaded guilty in Case No. 16-000846 to two counts of aggravated trafficking in drugs, felonies of the fourth degree in violation of R.C. 2925.03(A)(1), with forfeiture specifications as set forth in R.C. 2941.1417 and R.C. 2981.04. On April 13, 2017, the trial court sentenced Mr. Perkins to a prison term of 10 months on each count, to be served consecutively to each other, for a total prison term of 20 months. The trial court credited him with 86 days of jail time served and ordered Mr. Perkins to remain in the Lake County jail pending resolution of Case No. 16-CR-000928.

{¶7} On May 30, 2017, Mr. Perkins pleaded guilty in Case No. 16-CR-000928 to one count of aggravated vehicular assault, a felony of the third degree in violation of R.C. 2903.08(A)(1)(a) and one count of operating a vehicle under the influence of alcohol, a

drug of abuse, or a combination of them, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a). On the same date, the trial court sentenced Mr. Perkins to a mandatory prison term of five years on the first count and six months in jail on the second count. The trial court ordered the sentences to be served concurrent to each other and to the sentence imposed in Case No. 16-CR-000846. The trial court also credited Mr. Perkins with 138 days of jail time served.

{¶8} On May 9, 2018, Mr. Perkins filed a motion containing both case numbers requesting additional jail-time credit. The state opposed, and the trial court denied the motion.

{¶9} Mr. Perkins now brings this consolidated appeal and presents the following assignment of error for our review:

{¶10} "The trial court erred when it abused its discretion when it denied the appellant's motion for jail-time credit pursuant to Fugate [sic] and Caccamo [sic]."

## Jurisdiction

{¶11} Mr. Perkins brings this appeal based on the trial court's denial of his motion for jail-time credit rather than a direct appeal of his sentence. Previously, motions to correct errors in determining jail-time credit filed outside the time allowed for direct appeal were barred by the doctrine of res judicata. *See State v. Smith*, 11th Dist. Lake No. 2016-L-107, 2017-Ohio-4124, ¶11. R.C. 2929.19(B)(2)(g)(iii)[1] now grants the sentencing court continuing jurisdiction to correct any error in jail-time credit not previously raised at sentencing. It further authorizes the offender to file a motion at any time after sentencing

---

1. Now R.C. 2929.19(B)(2)(h)(iii), effective March 22, 2019.

3

to correct any error made in determining jail-time credit. Accordingly, Mr. Perkins' appeal is properly before this court.

## Standard of Review

{¶12} We review the trial court's determination as to the amount of jail-time credit to which Mr. Perkins is entitled under the "clearly and convincingly" contrary to law standard. *State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, ¶15; R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1.

## Law and Analysis

{¶13} As the Supreme Court of Ohio has explained, the practice of awarding jail-time credit has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶7. Since the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees. *Id.* Accordingly, when a prisoner is unable to make bail because of indigency, the Equal Protection Clause requires that all time spent in any jail prior to trial and commitment must be credited to his sentence. *Id.*

{¶14} The practice of awarding jail-time credit is now covered by state statute. *Id.* Specifically, R.C. 2929.19(B)(2)(g)(i)[2] requires the trial court to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." The trial court's duty to calculate the amount of jail-time credit only

---

2. Now R.C. 2929.19(B)(2)(h)(i), effective March 22, 2019.

4

extends to the date of the sentencing judgment." *State v. Caccamo*, 11th Dist. Lake No. 2015-L-048, 2016-Ohio-3006, ¶25, citing Ohio Adm.Code 5120-2-04(D).

{¶15} R.C. 2967.191[3] provides that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, * * * as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code * * *."

{¶16} With respect to offenders serving concurrent sentences, Ohio Adm.Code 5120-2-04(F) states that "the department [of rehabilitation and correction] shall independently reduce each sentence or stated prison term for the number of days confined for that offense." By contrast, for offenders serving consecutive terms, jail-time credit is applied only once, to the total term. *Fugate* at ¶10, citing Ohio Adm.Code 5120-2-04(G).

{¶17} The overall objective of the statutes and rules is to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held. *Id.* at ¶11.

{¶18} Despite the above authorities, we are mindful of the fact that crediting time served can be complicated, especially when a defendant is charged with multiple crimes committed at different times. *See State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶41.

---

3. Now R.C. 2967.191(A), effective March 22, 2019.

5

**Precedent**

{¶19}  Mr. Perkins' position is that the trial court should have credited each of his concurrent prison terms with the aggregate number of days he served in the Lake County jail, which he claims is 224 days, rather than granting him two separate amounts of jail-time credit (i.e., 86 days in Case No. 16-CR-000846 and 138 days in Case No. 16-CR-000928).  In support of his argument, Mr. Perkins relies heavily upon the holding of the Supreme Court of Ohio in *Fugate*, *supra*, and a majority of this court's holding in *Caccamo*, *supra*.

{¶20}  In *Fugate*, the defendant was serving community control sanctions when he was indicted on two new felony offenses.  *Id.* at ¶2-3.  After being arrested on the new charges and incarcerated in the county jail, the probation department moved to revoke Fugate's community control in the original case.  *Id.* at ¶3.  Since both cases arose in the same county, the trial court ruled upon the motion to revoke as part of the sentencing hearing in the new case.  *Id.*

{¶21}  Upon revoking the community control and imposing terms of incarceration in both cases, the trial court specifically ordered that the two sentences run concurrently. *Id.*  Although Fugate had been incarcerated for 213 days after being arrested on the new charges, the trial court held that jail-time credit should only be deducted from the sentence in the first case.  *Id.*

{¶22}  On appeal, Fugate argued that since the sentences in the two cases were to run concurrently, he was entitled to have the 213 days deducted from each sentence. *Id.* at ¶6.  The Supreme Court of Ohio agreed, holding as follows:

6

{¶23} "[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. * * * If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* at ¶12.

{¶24} In a situation like in *Fugate*, permitting the trial court to choose only one of the concurrent terms against which to apply jail time credit would run afoul of the Equal Protection Clause. *See id.* at ¶22. As the Second District has noted: "[a]n affluent defendant, in the same situation as the defendant in *Fugate*, would have been incarcerated for exactly two years[.] * * * The defendant in *Fugate*, having been unable to post bond, would, as originally sentenced, have been incarcerated for 213 days longer than his identical affluent counterpart[.]" *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶14-15.

{¶25} This court applied *Fugate* in *Caccamo*. In that case, Caccamo pleaded guilty to seven charges in the Lake County Common Pleas Court and was sentenced to two years of community control and 150 days in the Lake County jail. *Id.* at ¶2. Caccamo was later arrested in Cuyahoga County for a different offense and held in the Cuyahoga County jail. *Id.* at ¶3. The Cuyahoga County Common Pleas Court subsequently accepted his guilty plea to a new charge and sentenced him to eight months in prison. *Id.*

{¶26} While Caccamo was incarcerated in the Cuyahoga County jail awaiting sentencing, the Lake County probation department caused an arrest warrant to be issued against Caccamo. *Id.* at ¶4. The warrant, however, was not executed until after Caccamo's transfer to prison. *Id.* The county sheriff conveyed Caccamo from state prison to Lake County for a termination hearing. *Id.* at ¶5. Caccamo pleaded guilty to violating his community control, and the case proceeded to sentencing. *Id.* at ¶6.

{¶27} The trial court sentenced Caccamo to a prison term of 26 months to be served concurrently with the eight-month term imposed in the Cuyahoga County case. *Id.* at ¶7. The trial court credited him with 33 days of jail-time served (i.e., 12 days he was held in the Lake County jail prior to pleading guilty and 21 days he was held in the Lake County jail between his conveyance from state prison and the date of the final hearing). *Id.* at ¶6-7.

{¶28} Caccamo appealed, claiming he was entitled to jail-time credit on his Lake County sentence for most of the period he was held in the Cuyahoga County jail and the state prison before being transported back to Lake County. *Id.* at ¶10. Specifically, Caccamo argued that he was subject to a detainer filed by the Lake County probation department while incarcerated in the Cuyahoga County jail. *Id.*

{¶29} A majority of this court agreed, holding that since Caccamo's confinement in the Cuyahoga County jail was predicated in part upon the Lake County charge, he was entitled to additional jail-time credit on his Lake County sentence. *Id.* at ¶18.

{¶30} The Supreme Court of Ohio most recently addressed the issue of jail-time credit and concurrent sentences in *State v. Cupp*, ___ St.3d ___, 2018-Ohio-5211,

holding that "[a] defendant is not entitled to jail time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case." *Id.* at syllabus.

### *The Trial Court's Calculation*

{¶31} The record indicates Mr. Perkins served an aggregate period of 141 days of incarceration, which can be separated into four periods of time: (1) 8 days from August 1, 2016 through August 23, 2016, (2) 3 days from October 5, 2016 through October 7, 2016, (3) 83 days from January 20, 2017 through April 13, 2017, and (4) 47 days from April 13, 2017 through May 30, 2017.

{¶32} In Case No. 16-CR-000846, the trial court credited Mr. Perkins with 86 days of jail time served, consisting of (1) the second period of incarceration (i.e., three days), beginning with his arrest on these charges on October 5, 2016 and ending when he posted bond on October 7, 2016, and (2) the third period of incarceration (i.e., 83 days), beginning with his arrest on January 20, 2017 following revocation of bond and ending on April 13, 2017 when the trial court sentenced him on these charges.

{¶33} In Case No. 16-CR-000928, the trial court credited Mr. Perkins with 138 days of jail time served, consisting of (1) the first period of incarceration (i.e., eight days), beginning with his arrest on these charges on August 1, 2016 and ending when he posted bond on August 23, 2016, (2) the third period of incarceration (i.e., 83 days), beginning with Mr. Perkins' arrest on January 20, 2017 following revocation of bond and ending on April 13, 2017 when the trial court sentenced him in Case No. 16-CR-000846, and (3) the fourth period of incarceration (i.e., 47 days), beginning on April 13, 2017 when the trial court sentenced him in Case No. 16-CR-000846 and ending on May 30, 2017 when the trial court sentenced him on these charges.

{¶34} The following diagram summarizes Mr. Perkins' periods of incarceration and the trial court's calculation and allocation of jail-time credit:

| Period of Incarceration | Dates | Number of Days | Jail-time Credit Case No. 16-CR-000846 | Jail-time Credit Case No. 16-CR-000928 |
|---|---|---|---|---|
| First | 8/1/2016 through 8/23/2016 | 8 | 0 | 8 |
| Second | 10/5/2016 through 10/7/2016 | 3 | 3 | 0 |
| Third | 1/20/2017 through 4/13/2017 | 83 | 83 | 83 |
| Fourth | 4/13/2017 through 5/30/2017 | 47 | 0 | 47 |
| TOTAL: | | 141 | 86 | 138 |

{¶35} Although Mr. Perkins claims to have served an aggregate period of 224 days of incarceration, it appears Mr. Perkins has simply added together the number of days of jail-time credit calculated in both cases. As demonstrated above, however, the trial court credited the 83 days of his third period of incarceration (i.e., January 20, 2017 through April 13, 2017) to both cases. As such, this period of time overlaps.

### Review of the Trial Court's Calculation

{¶36} Application of the law to the facts in the record demonstrates Mr. Perkins is not entitled to any additional jail-time credit.

### 1. First and Second Periods of Incarceration

{¶37} The trial court properly credited Mr. Perkins' first period of incarceration solely to Case No. 16-CR-000928 and his second period of incarceration solely to Case No. 16-CR-000846.

10

**{¶38}** A defendant is not entitled to jail-time credit for the time spent facing separate and unrelated charges. *See State v. Lane*, 11th Dist. Lake No. 2017-L-046, 2017-Ohio-9335, ¶17. In such situations, *Fugate* is inapplicable. *Id.*

**{¶39}** Mr. Perkins' three days of incarceration in August 2016 related solely to the charges in Case No. 16-CR-000928. He was not incarcerated for any other offense, and the incarceration predated his indictment for the offenses in Case No. 16-CR-000846. Likewise, Mr. Perkins's eight days of incarceration in October 2016 related solely to the charges in Case No. 16-CR-000846, and his incarceration did not relate to any other offense.

### 2. Third Period of Incarceration

**{¶40}** Mr. Perkins' third period of incarceration consisted of 83 days resulting from bond revocations in both cases. The trial court appropriately credited Mr. Perkins in both cases, consistent with R.C. 2929.19(B)(2)(g)(i) and *Fugate* and *Caccamo*.

**{¶41}** Furthermore, on April 13, 2017, the trial court sentenced Mr. Perkins in Case No. 16-CR-000846. The trial court's duty to calculate the amount of jail-time credit only extends to the date of the sentencing judgment. Ohio Adm.Code 5120-2-04(D). Therefore, the trial court appropriately ended the calculation of Mr. Perkins' jail-time credit in Case No. 16-CR-000846 on such date.

### 3. Fourth Period of Incarceration

**{¶42}** Mr. Perkins remained incarcerated in the Lake County jail until his sentencing in Case No. 16-CR-000928 on May 30, 2017. Mr. Perkins was effectively serving his sentence in case No. 16-CR-000846 during these 47 days. The trial court credited this fourth period of incarceration solely to Case No. 16-CR-000928.

11

{¶43} To the extent Mr. Perkins is arguing that these 47 days should have been applied to Case No. 16-CR-000846, his argument is without merit. Jail-time credit involves applying a *prior period of incarceration* against a *subsequent sentence*. Crediting the 47 days of incarceration against Case No. 16-CR-000846 would constitute applying *a subsequent period of incarceration* against a *prior sentence*. The trial court does not have this obligation. *See* Ohio Adm.Code 5120-2-04(D).

{¶44} It appears, however, that the trial court granted Mr. Perkins more jail-time credit in Case No. 16-CR-000928 than legally required. Jail-time credit does not include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently. *Ways*, *supra*, at ¶20. *Accord State v. Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶13; *State v. Mason*, 7th Dist. Columbiana No. 10 CO 20, 2011-Ohio-3167, ¶22; *State v. Doyle*, 10th Dist. Franklin Nos. 12AP-567, 12AP-794, 12AP-568 & 12AP-793, 2013-Ohio-3262, ¶24; and *State v. Primack*, 4th Dist. Washington No. 13CA23, 2014-Ohio-1771, ¶11-13.

{¶45} *Fugate* and *Caccamo* do not apply, as "[t]he issue of whether to apply a previously served part of a concurrent sentence as a jail-time credit against the subsequently imposed concurrent sentence did not arise in *Fugate*." *Ways* at ¶22.

{¶46} "Disallowing, for purposes of jail-time credit, periods of time that a prisoner has been incarcerated by reason of a sentence previously imposed and begun does not violate Equal Protection," since Mr. Perkins' "affluent counterpart would be treated no more leniently." *Id.* at ¶21. Like Mr. Perkins, his affluent counterpart would begin serving

12

the first day of his sentence in Case No. 16-CR-000928 on May 30, 2017, concurrently with the 47th day of his sentence in Case No. 16-CR-000846.

{¶47} Although it was not appropriate for the trial court to credit the 47 days of incarceration to Case No. 16-CR-000928, the state did not file a cross-appeal and raise this issue as error, so it is not properly before us.

{¶48} Based on the foregoing, the trial court properly ruled that Mr. Perkins is not entitled to any additional jail-time credit.

{¶49} Mr. Perkins' sole assignment of error is without merit.

{¶50} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.

concur.