[Cite as *State v. Leighty*, 2025-Ohio-2036.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| TYLER LEIGHTY | : | Case No. 24CA016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 24CR015

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               June 6, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ROBERT K. HENDRIX                     JEFFREY G. KELLOGG
164 East Jackson Street               5 South Washington Street
Millersburg, OH  44654                Millersburg, OH  44654

*King, J.*

{¶ 1}   Defendant-Appellant Tyler Leighty appeals the August 12, 2024 judgment of conviction and sentence of the Holmes County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Between July 18, 2023 and February 28, 2024, Leighty engaged in sexual conduct with his 16-year-old stepdaughter and took video of the encounters. Following an investigation into the matter, on March 4, 2024, the Holmes County Grand Jury returned an indictment charging Leighty with one count of sexual battery in violation of R.C. 2907.03(A)(5), a felony of the third degree (count one), and nine counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), felonies of the second degree (counts two through ten).

{¶ 3}   On June 27, 2024, Leighty pled guilty as charged. The trial court ordered a presentence investigation and set the matter over for sentencing.

{¶ 4}   Leighty appeared for sentencing on August 12, 2024. The trial court noted its review of the presentence investigation and heard from counsel for both parties, a detective involved in the investigation, Leighty, his mother, and his ex-wife.

{¶ 5}   The parties stipulated that counts two through six merged as did counts seven through ten. The court proceeded to sentencing on count one, sexual battery, and counts two and seven, pandering sexually oriented matter involving a minor. For sexual battery the court imposed a maximum sentence of five years. For count two, the trial court imposed an indefinite sentence of three to four and a half years. For count seven, the trial court imposed an indefinite sentence of two to three years. The trial court ordered Leighty

to serve the sentences consecutively for an aggregate total of ten to eleven and a half years.

{¶ 6} Leighty timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 7} "THE TRIAL COURTS IMPOSITION OF THE MAXIMUM SENTENCE FOR THE OFFENSE OF SEXUAL BATTERY IN VIOLATION OF R.C. §2907.03(A)(5) IS CONTRARY TO LAW."

{¶ 8} In his sole assignment of error, Leighty argues his maximum sentence of five years for sexual battery is contrary to law because the trial court failed to consider all of the factors contained in R.C. 2929.12. We disagree.

Applicable Law

{¶ 9} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). Subsection (G)(2) sets forth this court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for

resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 11} Leighty appears to argue this court should independently weigh the sentencing considerations contained in R.C. 2929.12. However, nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was

imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22. "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 12} Conversely, however, "[a] sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), reversed on other grounds, 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 13} "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).

Leighty's Arguments

{¶ 14} Leighty does not dispute that his sentence for sexual battery is within the appropriate statutory range. Instead, he argues the trial court did not consider all of the factors contained in R.C. 2929.12. Leighty provides his own analysis of facts to factors, and invites this court to adopt the same.

{¶ 15} But as noted above, we may not reevaluate the trial court's findings pursuant to R.C. 2929.11 and R.C. 2929.12 and substitute our judgment for that of the

trial court. R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. Nor is the trial court obligated to comment on every sentencing factor on the record. It is well established that a trial court "need only consider the sentencing factors pursuant to R.C. 2929.11 and 2929.12 and need not make findings in support of those factors to impose a sentence that is not considered contrary to law." *State v. Ongert*, 2016-Ohio-1543, (8th Dist.) ¶ 12.

{¶ 16} Here the trial court noted "[i]n arriving at a sentence the Court has considered the general purposes and principles of sentencing as stated in Revised Code 2929 and sequence, and the court has considered Revised Code 2929.12, and weighed the factors which indicate the defendant's conduct is more or less serious than that normally constituting the offense, as well as the factors which indicate he's more or less likely to commit future crime." Transcript of sentencing, August 12, 2024, 12. The court additionally noted the disparate balance of power between Leighty and the victim given that he was her stepfather. *Id.* at 13.

{¶ 17} The record therefore reflects the trial court considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors pursuant to R.C. 2929.12 both on the record and in its sentencing judgment entry. It additionally properly imposed post-release control, and imposed a sentence within the statutory guidelines. Leighty's sentence is therefore not contrary to law. Accordingly, the sole assignment of error is overruled.

{¶ 18} The judgment of the Holmes County Court of Common Pleas is affirmed.

By: King, P.J.

Hoffman, J. and

Gormley, J. concur.