[Cite as *State v. Halasz*, 2025-Ohio-3072.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114645 |
| v. | : | |
| JASON HALASZ, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** August 28, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691650-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brad S. Meyer, Assistant Prosecuting
Attorney, *for appellee.*

Goldberg Dowell & Associates LLC and Adam Parker, *for
appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Defendant-appellant Jason Halasz ("Halasz") appeals the trial court's journal entry sentencing him to 11 years in prison for attempted murder, the maximum sentence under R.C. 2923.02 and 2903.02(A). Halasz also challenges the

trial court's calculation of jail-time credit. We affirm Halasz's prison sentence but vacate the trial court's award of jail-time credit and remand to the trial court with instructions to award him 216 days of jail-time credit.

## I. Facts and Procedural History

{¶ 2} In 2019, Halasz was hospitalized and diagnosed with a mental-health disorder. An advanced nurse practitioner ("ANP") began treating Halasz for this condition in March 2022. On April 24, 2024, Halasz entered the ANP's office with a knife hidden in his sock and repeatedly stabbed the ANP.

{¶ 3} After the initial assault in his office, the ANP fled into the hallway. Bystanders threw chairs at Halasz and tried to subdue him, but Halasz continued to chase the ANP and stab him. A security guard eventually restrained Halasz at gunpoint.

{¶ 4} The ANP suffered significant blood loss from his stab wounds, necessitating a six-hour long emergency surgery. Halasz's knife attack severed the ANP's right internal jugular and punctured his trachea, impairing the ANP's ability to speak and swallow. The attack also caused the ANP to suffer symptoms of PTSD, depression, anxiety, and insomnia. The ANP is now unable to see patients in his former office and works only virtually.

{¶ 5} On May 2, 2024, Halasz was charged with attempted murder, a felony of the first degree in violation of R.C. 2923.02 and 2903.02, with a forfeiture specification for the knife under R.C. 2941.1417. Halasz was also charged with two counts of felonious assault.

**{¶ 6}** Before trial, Halasz underwent a psychological evaluation. The psychological evaluator determined that Halasz had a rational, nonpsychotic motive for attacking the ANP. The evaluator based this conclusion on Halasz's admission that he was upset with the ANP for stopping his medication for leg stiffness. Because the evaluator concluded that Halasz had a rational, nonpsychotic motive for the attack, he could not successfully raise as a defense that he was not guilty by reason of insanity.

**{¶ 7}** On October 30, 2024, as part of a negotiated agreement, Halasz pled guilty to attempted murder and the forfeiture specification. Per the plea agreement, the State dismissed the two felonious assault charges against Halasz.

**{¶ 8}** At Halasz's sentencing hearing, the ANP described the lasting physical and psychological consequences of Halasz's attack on him. Counsel for Halasz asked the trial court to impose a community-control sanction that would allow Halasz to be treated for his mental illness. The State sought the maximum prison sentence of 11 years. The court imposed the statutory maximum sentence of 11 years of incarceration, with five and one-half additional years possible under R.C. 2901.011, the Reagan Tokes Law.

**{¶ 9}** Halasz appeals, raising the following assignments of error:

Assignment of Error No. 1: The record clearly and convincingly does not support the trial court's decision to impose a maximum sentence.

Assignment of Error No. 2: The trial court under-counted Mr. Halasz' jail time credit.

## II. Law and Analysis

### A. Assignment of Error No. 1 — Maximum Sentence

{¶ 10} In his first assignment of error, Halasz asserts that the record did not support the trial court's imposition of the 11-year statutory maximum prison sentence. Halasz argues that the trial court did not adequately consider the sentencing factors set forth in R.C. 2929.12 and imposed a sentence contrary to the purposes of felony sentencing under R.C. 2929.11. Specifically, Halasz contends that the trial court insufficiently considered his mental illness and lack of a criminal record.

### 1. Principles of Felony Sentencing

{¶ 11} R.C. 2953.08(G)(2) governs appellate review of felony sentencing. To assess whether a trial court imposed a proper felony sentence, the court of appeals "shall review the record, including the findings underlying the sentence . . . given by the trial court." R.C. 2953.08(G)(2). We may "increase, reduce, or otherwise modify a sentence . . . [or] vacate the sentence and remand the matter to the sentencing court for resentencing" if we "clearly and convincingly" find that the sentence is contrary to law. R.C. 2953.08(G)(2)-(b).

{¶ 12} In addition, R.C 2929.11(A) sets forth for the court's consideration the following three "overriding purposes" of felony sentencing:

> [T]o protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

To accomplish these purposes, the trial court should consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  R.C. 2929.11(A).

{¶ 13}  R.C. 2929.12 lays out aggravating factors for the sentencing court to consider.  In this case, the relevant aggravating factors under R.C. 2929.12(B) include:

> (2) The victim of the offense suffered serious physical, psychological, or economic harm, including serious physical harm the victim caused to the victim's self, as a result of the offense.

> (7) The offender's relationship with the victim facilitated the offense.

However, a trial court must also consider factors that make "the offender's conduct less serious than conduct normally constituting the offense," including mitigating circumstances that are not grounds for a defense.  R.C. 2929.12(C)-(4).  R.C. 2929.12(E) requires a trial court to also consider an offender's lack of past criminal conduct as a factor indicating that the offender is not likely to commit future crimes.

{¶ 14} The trial court has "full discretion to impose a prison sentence within the statutory range" and is not required to "make findings or give their reasoning for imposing [the] maximum . . . ."  *State v. Foster,* 2006-Ohio-856, paragraph seven of the syllabus.  This court has clarified that a sentence within the statutory range is contrary to law when "the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the

sentencing factors set forth in R.C. 2929.12." *State v. Hinton*, 2015-Ohio-4907, ¶ 10 (8th Dist.). A sentence within the statutory range made after consideration of the sentencing factors and principles is "'presumptively valid.'" *Id*. at ¶ 10, quoting *State v. Collier,* 2011-Ohio-2791, ¶ 15 (8th Dist.).

{¶ 15} The trial court is presumed to have considered the factors of R.C. 2929.11 and 2929.12 absent an "'affirmative showing that [the trial court] failed to do so.'" *State v. White,* 2013-Ohio-4925, ¶ 10 (8th Dist.), quoting *State v. Taylor,* 76 Ohio App.3d 835, 839 (2d Dist. 1992). There is no explicit requirement for a trial court to memorialize the specific factors it considered in its journal entry. *State v. Hodges,* 2013-Ohio-5025, ¶ 13-14 (8th Dist.) (Trial court's judgment affirmed when the trial court considered R.C. 2929.12 factors at the sentencing hearing and the journal entry stated that the trial court "considered all required factors of the law.").

### 2. Application

{¶ 16} The record shows that the trial court considered the overriding principles of felony sentencing. At the sentencing hearing, the trial court stated:

> After consideration of . . . the need for deterrence, incapacitation, rehabilitation and restitution the Court does find that a prison term is consistent with the purposes and principles of sentencing set forth in 2929.11 of the Revised Code[.]

The court memorialized its R.C. 2929.11 determination in the journal entry, stating that "[t]his court finds that prison is consistent with the purpose of R.C. 2929.11 . . . ."

{¶ 17} The trial court also considered mitigating factors under R.C. 2929.12(C), including Halasz's mental illness. At the sentencing hearing, the trial court explained:

> [The trial court is] mindful of his mental condition that he has a schizoaffective disorder . . . and I have the re-integration plan that was prepared on behalf of [Halasz] by the Mental Health Jail Liaison Specialist . . . .
>
> And I have reviewed this, but even with all this I believe that this is a serious crime. And I believe that the treatment that he needs, that he should be able to get — if it's not the best, I get it. I mean, it's in prison, but I believe that's where he needs to be at this time.

{¶ 18} The trial court's explanation at the sentencing hearing for its imposition of the maximum sentence showed that the court considered the aggravating factors under R.C. 2929.12(B); specifically, the seriousness of the injury, physical and emotional, to the victim:

> And I don't say this often to give the max, but I think this is an instance where the max is not only justified, but I think necessary to help deal with the pain and trauma that these victims — and it wasn't just the one victim — you have victims, all of the employees who were there that day, they're all victims here. I feel like a victim just by seeing the video. I mean, that's how it has affected me.

{¶ 19} Again, a sentence is presumptively valid if it falls within the statutory range and is imposed after the trial court considers the R.C. 2929.11 and 2929.12 factors. *Hinton*, 2015-Ohio-4907, at ¶ 10 (8th Dist.). Halasz does not dispute that his sentence is within the statutory range, and we find that the trial court considered the necessary statutory factors. The trial court recognized the impact of Halasz's mental-health condition but determined that other factors, such as the significant physical and emotional damage of the victim, weighed more heavily in favor of

imposing the maximum prison sentence. Halasz has not demonstrated that his sentence was contrary to law.

{¶ 20} Accordingly, assignment of error No. 1 is overruled.

**B. Assignment of Error No. 2 — Jail-Time Credit**

{¶ 21} In his second assignment of error, Halasz asserts that the trial court erred by awarding him a jail-time credit of 208 days. We agree.

{¶ 22} "'Criminal defendants have a right to jail-time credit.'" *State v. Claggett*, 2020-Ohio-4133, ¶ 31 (8th Dist.), quoting *State v. Thompson*, 2015-Ohio-3882, ¶ 21 (8th Dist.). A prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191(A).

{¶ 23} We review a trial court's award of jail-time credit under the "clearly and convincingly" contrary-to-law standard. *Claggett* at ¶ 30, citing *State v. Perkins*, 2019-Ohio-2288, ¶ 12 (11th Dist.). It is the defendant's burden to establish that the trial court erred in its jail-time award. *Id.*, citing *State v. Haworth*, 2020-Ohio-1341, ¶ 29 (11th Dist.).

{¶ 24} Halasz's 208-day jail-time credit award was clearly and convincingly contrary to law. Halasz was arrested on the day of the incident, April 24, 2024, for attacking the ANP. It is undisputed that this attack was the basis for his eventual conviction for attempted murder. Halasz remained confined throughout this case and was sentenced on November 26, 2024 — 216 days after his initial confinement.

Calculating from the date of Halasz's arrest, as R.C. 2967.191(A) requires, we find Halasz is entitled to a jail-time credit of 216 days.

**{¶ 25}** The State concedes that the trial court should have awarded Halasz a jail-time credit of 216 days. We agree and vacate the trial court's award of jail-time credit. We remand this matter to the trial court with the instruction to award Halasz jail-time credit of 216 days, reflecting the period between his initial confinement and sentencing.

**{¶ 26}** Accordingly, Halasz's second assignment of error is sustained.

**{¶ 27}** Judgment affirmed in part and vacated in part. Case remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
DEENA R. CALABRESE, J., CONCUR