[Cite as *State v. Starcher*, 2025-Ohio-4777.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25CA0006 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 24CR032 |
| ZACHARY STARCHER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 17, 2025 |

**BEFORE:** Andrew J. King; Kevin W. Popham; David M. Gormley, Appellate Judges

**APPEARANCES:** ROBERT K. HENDRIX, for Plaintiff-Appellee; PATRICK L. BROWN, for Defendant-Appellant.

*King, J.*

{¶ 1}  Defendant-Appellant, Zachary Starcher, appeals his March 7, 2025 sentence from the Holmes County Court of Common Pleas.  Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On July 8, 2024, the Holmes County Grand Jury indicted Starcher on one count of aggravated possession of drugs with firearm and forfeiture specifications in violation of R.C. 2925.11, one count of receiving stolen property in violation of R.C. 2913.51, two counts of counterfeiting in violation of R.C. 2913.30, and one count of domestic violence in violation of R.C. 2919.25.

{¶ 3}   On January 13, 2025, Starcher pled guilty pursuant to a plea agreement to the aggravated possession count with the forfeiture specification, the receiving stolen property count, and one of the counterfeiting counts.   The remaining counts were dismissed.  He was notified of the maximum penalties for each count and the possibility of consecutive sentences.   He was also notified that any agreed upon sentencing recommendation by the State was not binding on the trial court.  The State recommended an aggregate sentence of twenty-four months in prison under the plea deal.  By uniform sentencing entry nunc pro tunc filed March 7, 2025, the trial court sentenced Starcher to an aggregate sentence of twenty-four months in prison, to be served concurrently with a sentence imposed in another case, Case No. 24CR046 (an aggregate term of eight years).  That case involved sixteen counts to which Starcher pled no contest to six counts: four counts of illegal use of a minor or impaired person in nudity-oriented material or performance and two counts of pandering sexually-oriented matter involving a minor or impaired person.

{¶ 4}   Starcher filed an appeal with the following assignment of error:

I

{¶ 5}   "THE TRIAL COURT ERRED BY SENTENCING MR. STARCHER TO A PRISON TERM."

I

{¶ 6}   In his sole assignment of error, Starcher claims the trial court erred in sentencing him to a prison term on the third-degree aggravated possession count.  We disagree.

{¶ 7}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8}   "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9}   Nothing in R.C. 2953.08(G)(2) permits this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court "concerning the sentence that best reflects compliance with R.C. 2929.11 [purposes and principles of felony sentencing] and 2929.12 [seriousness and recidivism factors]." *State v. Jones*, 2020-Ohio-6729, ¶ 42.  The Supreme Court of Ohio clarified that the holding in *Jones* should not be "construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 22.  "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 10} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), *rev'd on other grounds,* 2022-Ohio-4609, quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).  "Under established law, a 'trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.).  "There is no explicit requirement for a trial court to memorialize the specific

factors it considered in its journal entry." *State v. Halasz*, 2025-Ohio-3072, ¶ 15 (8th Dist.), citing *State v. Hodges*, 2013-Ohio-5025, ¶ 13-14 (8th Dist.).

{¶ 11} There is no dispute that the sentence of twenty-four months for a third degree felony, twelve months for a fourth degree felony, and twelve months for a fifth degree felony are within the statutory ranges. R.C. 2929.14(A)(3)(b), (4), and (5). The trial court ordered the sentences to be served concurrently for a total aggregate term of twenty-four months in prison.

{¶ 12} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (C) states:

> Except as provided in division (D), (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.

{¶ 13} In its sentencing entry, the trial court indicated it considered "the principles and purposes of sentencing in R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and all other relevant sentencing statutes" and listed the factors it considered from those sections. The trial court found a presumption for prison on the third-degree felony. R.C. 2925.11(C)(1)(b).

{¶ 14} Starcher argues the presumption of a prison term was overcome and he should have been sentenced to community control.  He cites R.C. 2929.13(D)(2) in support:

(2) Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division other than a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct

normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶ 15} Starcher argues the only factor indicating a greater likelihood of recidivism is his history of two prior felony convictions which were not drug offenses and were filed in 2003. Appellant's Brief at 5-6. As for the seriousness factors, none of the factors under R.C. 2929.12 were present indicating "the instant possession offense is anything other than a garden variety possession offense for which offenders are routinely sentenced to community control." *Id.* at 6.

{¶ 16} In light of the statutory presumption for prison on the third-degree felony, the trial court was not required to make findings regarding Starcher's failure to meet the R.C. 2929.13(D)(2) factors to overcome that presumption, and this court may not independently weigh the sentencing factors of R.C. 2929.11 and R.C. 2929.12. *State v. Leighty*, 2025-Ohio-2036, ¶ 15 (5th Dist.). But in this case, the trial court did make findings, noting "recidivism is actually more likely" as the presentence investigation report indicated "more than one prior felony, and the felonies range from roughly 2003 to the case pending before me including a case from Wayne County that's been pending about the same time." March 5, 2025 T. at 12-13. The trial court noted Starcher has had probation violations, extended community control, has failed to appear, and was detained in Guernsey County for possession of narcotics and counterfeit money while out on bond on the present case. *Id.* at 13.

{¶ 17} Upon review, we find the sentence is within the authorized statutory range, the trial court considered the factors set forth in R.C. 2929.11 and 2929.12 and properly imposed post release control, and there is nothing in the record to indicate the trial court imposed the sentence based on impermissible considerations; the sentence is not contrary to law.

{¶ 18} The sole assignment of error is denied.

{¶ 19} For the reasons stated in our accompanying Opinion, the judgment of the Holmes County Court of Common Pleas is AFFIRMED.

{¶ 20} Costs to Appellant.

By: King, P.J.

Popham, J. and

Gormley, J. concur.